UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PENUELA, et al.,<br>    Plaintiffs,<br>    v.<br>WELLS FARGO BANK NA, et al.,<br>    Defendants. | Case No. 24-cv-00766-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR TRANSFER**<br>Re: Dkt. No. 19 |

On February 8, 2024, Plaintiffs filed the instant putative class action against Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co., alleging that Defendants violated Federal Reserve Regulation E's requirement that financial institutions provide a complete, clear, and easily understandable disclosure document before it may charge overdraft fees on one-time debit card and ATM transactions. (Compl. ¶ 1, Dkt. No. 1.) Pending before the Court is Defendants' motion to dismiss or transfer, as well as Defendants' motion to compel arbitration. (Defs.' Mot. to Dismiss, Dkt. No. 19; Defs.' Mot. to Compel Arbitration, Dkt. No. 20.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and VACATES the October 17, 2024 hearing. Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Defendants' motion to dismiss or transfer, and TRANSFERS the case to the Southern District of California.

## I. BACKGROUND

Plaintiffs allege that through May 2022, Defendants violated Regulation E by utilizing a nonconforming disclosure agreement. (First Amend. Compl. ("FAC") ¶¶ 1, 4, Dkt. No. 14.) Plaintiffs, however, assert that they are unable to seek relief through litigation because of an arbitration agreement, which requires that the parties arbitrate their disputes before the American

1   Arbitration Association ("AAA"). (FAC ¶ 9.) Accordingly, in April 2022, Plaintiffs' counsel

2   ("MLG") filed 500 individual arbitration demands, asserting violations of Regulation E. (Baiardo

3   Decl. ¶ 3, Dkt. No. 21.) To date, MLG has filed at least 3,935 individual arbitration demands

4   against Defendants, including on behalf of Plaintiffs in this case. (FAC ¶ 13; Baiardo Decl. ¶ 5.)

5         In July 2022, AAA appointed a Process Arbitrator. (Baiardo Decl. ¶ 6; *see* FAC ¶ 12.) On

6   October 27, 2022, the Process Arbitrator issued an order (the "Process Arbitrator Order")

7   requiring that each claimant file and serve an amended demand, which had to include the

8   claimant's Wells Fargo account number, when the claimant was enrolled in the overdraft program,

9   and whether the claimant incurred overdraft fees. (Baiardo Decl. ¶ 16; FAC ¶ 120.) On

10  December 31, 2022, MLG filed Case No. 22-cv-1976-DMS-AGS, *Mosley, et al. v. Wells Fargo &*

11  *Co.* in the Southern District of California on behalf of four individuals. (Baiardo Decl. ¶ 23; Pl.'s

12  Opp'n at 7, Dkt. No. 24.) The *Mosley* complaint asserted violations of Regulation E based on

13  Defendants' failure to provide adequate notice prior to charging overdraft fees, in addition to

14  challenging the arbitration proceedings and the Process Arbitrator Order. (22-cv-1976-DMS-

15  SBC, *Mosley v. Wells Fargo*, Dkt. No. 1 ("*Mosley* Compl.") ¶¶ 87, 93-95.) The case was assigned

16  to Judge Sabraw.

17        Defendants thereafter moved to compel the *Mosley* plaintiffs to arbitration, which Judge

18  Sabraw granted. (Baiardo Decl. ¶ 25; Pl.'s Opp'n at 7.) In so ordering, Judge Sabraw rejected

19  MLG's argument that the Process Arbitrator Order was final and binding, but instead concluded

20  that it was a procedural order not reviewable by the courts. 2023 U.S. Dist. LEXIS 75751, at *11-

21  12 (S.D. Cal. May 1, 2023).

22        On February 8, 2024, Plaintiffs Penuela and Charan filed the instant case, asserting

23  violations of Regulation E and the Unfair Competition Law ("UCL"). Like *Mosley*, Plaintiffs

24  complained about the arbitration proceedings, including the use of the Process Arbitrator and the

25  Process Arbitrator Order. (Compl. ¶¶ 8-9, 94.)

26        On March 7, 2024, the Ninth Circuit affirmed Judge Sabraw's order, likewise concluding

27  that the Process Arbitrator Order was interlocutory and therefore not subject to judicial review.

28  *Mosley v. Wells Fargo & Co.*, No. 23-55478, 2024 U.S. App. LEXIS 5510, at *2 (9th Cir. Mar. 7,

2024).  On April 16, 2024, AAA informed MLG and Defendants that it was closing the cases for claimants who failed to comply with the Process Arbitrator Order, which included Plaintiffs in the instant case; those claims were dismissed without prejudice.  (Baiardo Decl. ¶ 43; FAC ¶ 13.)  On April 17, 2024, AAA began appointing arbitrators for claimants who had met the requirements of the Process Arbitrator Order.  (Baiardo Decl. ¶ 44.)

On April 26, 2024, Plaintiffs filed the operative complaint, adding Plaintiffs Molaris, Smythe, Willshire, and Walton.  Plaintiffs continue to challenge the arbitration proceedings, including the use of the Process Arbitrator and the Process Arbitrator Order.  (FAC ¶¶ 12-13, 120.)  On May 28, 2024, Defendants filed the motion to dismiss or transfer, as well as the motion to compel arbitration.  On June 27, 2024, Plaintiffs filed their oppositions.  (Pl.'s Opp'n re Mot. to Compel, Dkt. No. 23; Pl.'s Opp'n re Mot. to Dismiss, Dkt. No. 24.)  On July 16, 2024, Defendants filed their replies.  (Defs.' Reply re Mot. to Dismiss, Dkt. No. 25; Defs.' Reply re Mot. to Compel, Dkt. No. 26.)

## II. DISCUSSION

### A. First-to-File Rule

Defendants urge the Court to dismiss or transfer the case under the first-to-file rule.  (Defs.' Mot. to Dismiss at 12.)  The first-to-file rule is a doctrine of federal comity which allows a district court to decline jurisdiction "if a similar case with substantially similar issues and parties was previously filed in another district court."  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979).  Thus, the first-to-file rule "should not be disregarded lightly."  *Kohn Law Grp.*, 787 F.3d at 1240.

In applying the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues."  *Kohn Law Grp.*, 787 F.3d at 1240.  The Ninth Circuit has emphasized that this rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."

1   *Pacesetter Sys. Inc.*, 678 F.2d at 95.

2       The Court finds that the first-to-file rule factors warrant transfer.  First, there is no dispute that *Mosley* was filed first.  Second, there is no dispute that the parties are similar; while there are different named Plaintiffs in the instant case, Plaintiffs are subject to the same arbitration agreements with Wells Fargo, are claimants in the same arbitration proceedings, and are subject to the same Process Arbitrator Order.  *See Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 705 (N.D. Cal. 2021) ("The second factor merely demands that the parties be substantially similar and need not be identical.").  Third, the issues are substantially similar.  Both cases assert violations of Regulation E.  More importantly, both cases challenge the arbitration proceedings and the Process Arbitrator Order, resulting in the respective motions to compel arbitration.

    In opposition, Plaintiffs argue that "the first-to-file rule requires the existence of two pending cases," whereas *Mosley* has been closed.  (Pls.' Opp'n re Mot. to Dismiss at 9.)  In *Young*, the district court found that the first-to-file rule could apply even though the first-filed action was no longer pending.  526 F. Supp. 3d at 706.  In such cases, "a court must see if the three pillars supporting the first-to-file rule -- economy, consistency, and comity -- still warrant a transfer, stay, or dismissal of the subsequently filed action."  *Id.*  There, the first-filed action had been dismissed based on preemption, after which the plaintiffs' counsel had filed the new "lawsuit with similar parties, similar legal issues, alleging the same predicate facts, and relying on a nearly identical legal theory."  *Id.* at 707.  This left "little doubt that Plaintiffs and plaintiffs' counsel seek to avoid [the prior lawsuit's] adverse ruling and to illicit a favorable, yet inconsistent, judgment."  *Id.*  As "[t]his very conduct is exactly what the first-to-file rule is intended to prevent," the district court found that "maintaining judicial consistency and federal comity counsels strongly for applying the first-to-file rule."  *Id.*  The district court further found that judicial efficiency also warranted applying the first-to-file rule because the parties had already started the discovery process in the first lawsuit, and that ignoring the first-to-file rule would "squander any litigation that had already taken place[.]"  *Id.* at 708.

    Here, the Court likewise finds that the three pillars support applying the first-to-file rule even though *Mosley* has been closed.  Both *Mosley* and the instant action bring similar claims on

4

behalf of a similar group of plaintiffs, and both actions seek to avoid arbitration and the requirements of the Process Arbitrator Order. Thus, the same issues are being raised here that were raised in *Mosley*. As to judicial efficiency, while discovery has not proceeded in either case, this is because of the underlying issue of whether the parties must go to arbitration. As the *Mosley* court has already grappled with this issue, it would be more efficient for the same court to decide the matter rather than require a new court to familiarize itself with the facts and legal issues.

While Plaintiffs argue that they are in a different position because they have been dismissed from the arbitration due to their failure to comply with the Process Arbitrator Order, the dismissal from arbitration was without prejudice. (Pls.' Opp'n re Mot. to Dismiss at 10.) Should they comply with the Process Arbitrator Order, they would be permitted to continue in arbitration. Thus, both here and in *Mosley*, the fundamental issue is whether Plaintiffs must comply with the Process Arbitrator Order; indeed, Plaintiffs oppose the motion to compel arbitration on the ground that the Process Arbitrator Order is improper. (*See* Pls.' Opp'n re Mot. to Compel at 18-19.) Should the Court agree, this would create an inconsistent ruling with Judge Sabraw's (and the Ninth Circuit's) conclusion that the Process Arbitrator Order was not final and binding.

Accordingly, the Court finds that the first-to-file rule applies, and that transfer to the Southern District of California is warranted.

### B. Transfer under 28 U.S.C. § 1404(a)

In the alternative, Defendants argue that the case should be transferred to the Southern District of California pursuant to § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the moving party, Defendants "bear[] the burden to demonstrate jurisdiction and proper venue would exist in the [Southern District of California] and that the balance of convenience favor transfer." *Southard v. Kipper Tool Co.*, No. 3:15-cv-03621-JSC, 2023 U.S. Dist. LEXIS 188279, at *7 (N.D. Cal. Oct. 19, 2023). As there is no dispute that jurisdiction and venue is proper in the Southern District of California (particularly when Plaintiff Smythe opened her account and entered into the relevant agreements in the Southern District of

1  California), the Court focuses its discussion on the convenience factors.

2  In analyzing convenience, the Court may consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum.

*Southard*, 2023 U.S. Dist. LEXIS at *8-9 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). As the parties agree that the convenience of the witnesses, ease of access to the evidence, and familiarity of each forum with the applicable law are neutral, the Court focuses on the remaining factors. (*See* Defs.' Mot. to Dismiss at 20; Pls.' Opp'n re Mot. to Dismiss at 16.)

### i. Choice of Forum

Typically, "a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). If, however, "there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Id.*; *see also Pacini v. Bank of Am., N.A.*, No. C 12-2423 SI, 2012 U.S. Dist. LEXIS 200074, at *9 (N.D. Cal. Aug. 6, 2012); *Forrand v. Fed. Express Corp.*, No. C07-4674 TEH, 2008 U.S. Dist. LEXIS 10858, at *7-8 (N.D. Cal. Jan. 30, 2008).

Here, there is clear indication of forum shopping. Plaintiffs' counsel has already litigated the same issue in the Southern District of California; after receiving an unfavorable ruling in *Mosley*, they now bring this case making similar claims and arguments, including trying to avoid the same Process Arbitrator agreement. *Compare with Pacini*, 2012 U.S. Dist. LEXIS 200074, at *12-13 (finding "ample evidence of forum shopping" where the same counsel filed a materially identical case in the Northern District of California after their original case was dismissed in the Central District of California). Thus, this factor favors transfer. *See Forrand*, 2008 U.S. Dist. LEXIS 10858, at *9 ("[B]ecause transfer of this case . . . would serve to discourage the type of forum shopping that Plaintiffs have engaged in, the interest of justice also weighs heavily in favor of transfer."); *see also Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP,

1  2003 U.S. Dist. LEXIS 26802, at *15 (N.D. Cal. Oct. 14, 2003) ("evidence of plaintiff's attempt to
2  avoid a particular precedent from a particular judge weighs heavily in the context of" preventing
3  forum shopping).

### ii. Convenience of the Parties

While two Plaintiffs reside in this district, one Plaintiff resides in the Southern District of California while the remaining parties are located elsewhere. Notably, Plaintiff's counsel chose to litigate *Mosley* in the Southern District of California, which would suggest that the Southern District of California is at least an equally convenient forum. *See Martin v. Glob. Tel*Link Corp.*, No. 15-cv-00449-YGR, 2015 U.S. Dist. LEXIS 59474, at *10 (N.D. Cal. May 6, 2015) ("Even though the plaintiff resides in this District, his initial selection of the Southern District undercuts his argument that he considers the Northern District a more convenient forum -- and suggests his interest in maintaining he lawsuit here may instead be due to strategic considerations."). Thus, this factor is neutral.

### iii. Feasibility of Consolidation

"The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Martin*, 2015 U.S. Dist. LEXIS 59474, at *13. The parties dispute whether after transfer, this case could be consolidated with *Mosley* given that *Mosley* is closed. (Defs.' Mot. to Dismiss at 18; Pls.' Opp'n at 14.) The Court finds there is a reasonable likelihood that the cases could be related, given the substantially similar parties and issues, such that relation would avoid "unnecessary duplication of judicial effort." (*See* S.D. Cal. Civil Local Rules 40.1(e), (j).) The Court knows of no authority that a case cannot be related to one that has been closed; indeed, such relations are not infrequent in this district. Thus, this factor favors transfer.

### iv. Local Interest

Here, both fora have an interest in this case, as there are Plaintiffs residing in both districts. *See Fraser v. Brightstar Franchising LLC*, No. 16-cv-01966-JSC, 2016 U.S. Dist. LEXIS 107900, at *23 (N.D. Cal. Aug. 15, 2016) ("the local interest factor is neutral, as both California and

7

1  Illinois have an interest in resolving the disputes of its residents."). Thus, this factor is neutral.

2      **v.**  **Relative Court Congestion and Time of Trial in Each Forum**

3    "This factor examines whether a trial may be speedier in another court because of its less crowded docket. To measure congestion, courts compare the two fora's median time from filing to disposition or trial." *Ctr. for Food Safety v. Vilsack*, No. C 11-00831 JSW, 2011 U.S. Dist. LEXIS 31688, at *21 (N.D. Cal. Mar. 17, 2011). Here, Defendants state that the average time of filing to trial in the Northern District of California is 48.9 months, whereas the average time to trial for the Southern District of California is 40.2 months. (Defs.' Mot. to Dismiss at 18-19.) Plaintiffs do not dispute this information, and thus this factor favors transfer.

  Balancing the factors together, the Court finds that transfer under § 1404(a) is warranted, particularly given the evidence of forum shopping.

### III. CONCLUSION

  For the reasons stated above, the Court GRANTS Defendants' motion to dismiss and/or transfer, and TRANSFERS the case to the Southern District of California.

  IT IS SO ORDERED.

Dated: November 6, 2024

                KANDIS A. WESTMORE
                United States Magistrate Judge